# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:09CV230-RJC-DSC

| | |
|---|---|
| LARRY B. GAITHER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>V&H TRUCKS, )<br>)<br>Defendant. )<br>)<br>) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on "Defendant's Motion to Compel Disclosures and Discovery Responses" (document #13) and "Memorandum in Support ..." (document #14) both filed February 24, 2010.

In its brief Defendant alleges, and the record reflects, that "[o]n June 8, 2009, [the pro se] Plaintiff filed this action alleging race discrimination [but] since that time, he has done nothing to prosecute his case." Document #14 at 1. Specifically, Plaintiff did not participate in the Rule 26(f) conference, has failed to serve his Rule 26(a) disclosures as required by the Pretrial Order and Case Management Plan (document #12),[1] has not responded to Defendant's First Set of Interrogatories and First Request for Production of Documents,[2] ignored Defendant's Notice of Plaintiff's Deposition,[3] and has not responded to any of Plaintiff's counsel's numerous letters concerning the aforementioned discovery matters.

---

[1] The parties' Initial Disclosures were due October 30, 2009.

[2] Plaintiff's responses to Defendant's discovery requests were due November 2, 2009.

[3] On September 30, 2009, Defendant noticed Plaintiff's deposition for November 11, 2009.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, or oppress the opposing party. See Fed. R. Civ. P. 26(c).

Whether to grant or deny a motion to compel discovery is generally left within the District Court's broad discretion. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving discovery issues); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

The Fourth Circuit has emphasized the significance of establishing a history of dilatory action and warning to the offending party of what may follow prior to imposing monetary sanctions or dismissing the action for failure to comply with discovery obligations. See, e.g., Hathcock v. Navistar Int'l Transp. Corp., 55 F.3d 36, 40 (4th Cir. 1995); Choice Hotels Int'l v. Goodwin & Boone, 11 F.3d 469, 473 (4th Cir. 1993); and Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987).

Applying these legal principles to this case, and recognizing that Plaintiff has not been warned previously of the likely consequences of his failure to perform his responsibilities as a litigant, the undersigned will <u>order</u> Plaintiff to respond to Defendant's First Set of Interrogatories and First Request for Production of Documents, serve his Initial Disclosures, and appear for his deposition.

The Court warns Plaintiff that he will be expected and required to conduct discovery, respond to discovery requests from Defendant, and generally carry out any other duties and responsibilities related to this litigation with all diligence, including complying with the Local Rules, the Federal Rules of Civil Procedure, the Pretrial Order and Case Management Plan, and other Orders of the Court, on or before the expiration of the appropriate deadlines.

Moreover, the Court specifically warns Plaintiff that any further failure to respond to Defendant's discovery requests or serve his Initial Disclosures, to appear for his deposition, to otherwise respond to Defendant's reasonable discovery requests, or to comply with this Court's Orders, the Local Rules, or the Rules of Civil Procedure <u>will</u> result in the imposition of sanctions. **Sanctions can include Plaintiff being required to pay Defendant's costs, including reasonable attorney's fees, and <u>may also include dismissal of this lawsuit with prejudice</u>**.

## <u>ORDER</u>

**IT IS HEREBY ORDERED** that "Defendant's Motion to Compel Disclosures and Discovery Responses" (document #13) is **GRANTED**, as follows:

1. <u>Plaintiff is **ORDERED** to serve complete responses to Defendant's First Set of Interrogatories and First Request for Production of Documents and his Initial Disclosures on or</u>

before March 15, 2010.

2. Plaintiff is **ORDERED** to appear for his deposition at a mutually agreed date, time and place on or before March 31, 2010, provided that if the parties are unable to agree as to a date, time and/or place, the deposition shall be conducted at the date, time, and place noticed by Defendant.

3. Defense counsel is directed to notify the Court promptly should Plaintiff fail to comply with the terms of this Order.

4. The Clerk is directed to send copies of this Memorandum and Order to the pro se Plaintiff; to counsel for Defendant; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: February 25, 2010

David S. Cayer
United States Magistrate Judge